## 21633. WARREN *v.* THE STATE.

DECIDED NOVEMBER 10, 1931.

*Strozier & Gower, J. W. Dennard,* for plaintiff in error.

*T. Hoyt Davis, solicitor-general,* contra.

LUKE, J. Mrs. Kate Warren was convicted of possessing intoxicating liquor. She excepts to the overruling of her motion for a new trial.

R. L. McKenzie, sworn for the State, testified in part as follows: "On the 14th of March, this year, Mrs. Kate Warren came out to my house, . . came about three or four o'clock on Saturday afternoon. She drove up to my house and asked me to bring her three gallons of liquor. . . Mr. Ike Owens had left three gallons of liquor there for her on Friday night. . . I brought it to Mrs. Warren's house on Saturday night. . . When I first got there she met me a little distance from the door to take the pack-

age, but her being a lady, I carried it in. She told me to set it down in the door. I set it down. Mr. Pitts and Mr. Lollis came up about that time. I didn't know they were behind me until I got out and started to the house. . . I went and set it down, and she fastened the door and wouldn't let Mr. Pitts and them in. She didn't tell me how to get out of the house. I went through the room where Mr. Warren was and out the front. . . When I drove up there she came out about eight or nine feet from the door to meet me, and the first thing she said to me, she asked me was that the stuff. I told her 'Yes.' She went ahead of me. She said, 'Bring it on,' and she went ahead of me, and I went on in. She showed me where to set it down. . . Mrs. Warren never did have the liquor in her hand. . ." J. H. Pitts, sheriff, sworn for the State, testified in part as follows: "On the night of the 14th of March, this year, I went to Mrs. Warren's home and found three one-gallon jugs of liquor. I saw Mr. Warren on the bed. I don't know whether he was sick. He has been. I saw Mr. Robert McKenzie carry that liquor in the house—saw Mrs. Warren let him in. . . She latched the screen-door. . . When I got there I asked her to let me in. She said, 'Wait a minute,' stepped in the room where Mr. Warren was . . and opened the door, and we went in. . . We were watching Mr. McKenzie's house a few miles out in the country, and, when his truck left for town, followed him to Mr. Warren's house. He got out and went in the house with the pasteboard package. We were immediately behind him. Mrs. Warren let him in. . . We found the package, I suppose, four or five feet from the screen-door. We were looking at it all the time—saw the man set it down; never did see Mrs. Warren touch the package. Mr. McKenzie got away. We caught him later. Mrs. Warren is a married woman, wife of J. J. Warren. They were living together at the time."

The theory of the defendant's case, as presented by her statement to the jury, was that she knew nothing whatever about the liquor in question, but that McKenzie, on seeing the officers, came in her house and set the whisky down, and escaped through the back way. After the defendant had concluded her statement to the jury, the State introduced witnesses who corroborated McKenzie's testimony that the defendant came to his house and had him bring the whisky to her.

■ We think that the evidence sustains the charge that the defendant did "have, control, and possess . . intoxicating liquors."

■ The first special ground, numbered 4, avers that the court erred in charging the law of positive and negative testimony in the language of the Penal Code (1910), § 1011, (a) because the charge was not applicable to the facts of the case, and (b) because it was confusing for the reason that the court did not, without request, instruct the jury in connection therewith that they should pass upon the credibility of witnesses. The charge was applicable to the case, and the court had just instructed the jury in this language: "You are made by law the exclusive judges as to the credibility of the witnesses;" the sentence being followed by a full and fair charge upon the subject. The court properly overruled this special ground.

■ Ground 5 complains of the following instructions of the court: "If you find the truth of the case to be that Ike Owens left any of the liquors described with the witness McKenzie, and that the defendant, Mrs. Warren, procured McKenzie to bring said liquor, or any portion thereof, from the place where it was left to her home, and that was in Crisp county within two years next prior to the finding and return of this indictment, then and in that event I charge you she would be guilty as charged, and you should find her guilty, although you should find that she never touched the same." It is contended: (a) that the charge given "is highly argumentative;" (b) that it unduly stressed the testimony of the witness McKenzie; (c) it put in concrete form the evidence depended upon by the State for a conviction in such a way that it "tended to lead the jury to believe that the court thought the defendant was guilty;" (d) "the language complained of amounted to an expression of opinion of the court that the defendant was guilty;" (e) it "eliminated the question of delivery to and actual possession by the defendant of the liquors mentioned in the indictment."

Bearing in mind that the evidence was positive that the defendant never "touched" the whisky found in her home, we are of the opinion that a charge conveying to the jury the matter presented in the one given was both necessary and proper in order to enable the jury to pass intelligently upon the controlling contested issues in the case. It was said by an able jurist in the early case of *Haynes* v. *State*, 17 *Ga.* 465, 483, that "the only instructions which are

worth anything are such as enable the jury to apply the law to the *precise case* made by the proof." The defendant's contentions were presented by the court to the jury in this language: "Now, she contends that she did not procure McKenzie to bring these liquors from his home to her home. She contends that she did not know anything about the liquor, and was not concerned in McKenzie's possession of the liquor, and that she had nothing whatever to do with him bringing the liquor to her home. Of course, if that is the truth, she would not be guilty under this charge, and in that event you should find her not guilty." We hold that the court did not commit reversible error for any reason assigned in this ground.

■ Ground 6 complains of a charge to the effect that if Mc-Kenzie was guilty of possessing intoxicating liquor, and the defendant "did knowingly aid and abet him, or, being absent at the time that he had possession, yet . . did procure, counsel, or command him to take possession of said liquor and bring it to her home, . . then, this being a misdemeanor, she would be guilty as principal, and you should so find." The objections to this charge are very similar to those to the charge complained of in the preceding ground. The trial judge did not commit reversible error for any reason assigned in this ground.

■ Ground 7 complains that, during a colloquy with the solicitor-general in the presence of the jury, the judge stated his "understanding of the law" to be practically as set out in the charge complained of in ground 5, supra. This ground discloses no reversible error.

■ The charge complained of in ground 8 is as follows: "You can not discharge your duty to the State or to the defendant, unless you find a verdict which will speak the truth under the evidence in this case as I have already instructed you." It is contended that this charge was erroneous, (*a*) because the jury "were not left free by the court to find in favor of the defendant in the event they entertained a reasonable doubt as to what the truth of the case was;" and (*b*) because "the charge confined the jury to the evidence in the case, to the exclusion of the defendant's statement." The court charged the law pertaining to reasonable doubt and the defendant's statement; and there is no merit in this ground.

■ Ground 9, complaining of the charge as a whole for the alleged reason that it was argumentative and unduly stressed the State's contentions, is without merit.

In conclusion, we hold that the evidence supports the verdict, and that the trial judge did not commit reversible error for any reason assigned in the special grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*